**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KATHY VARGA,

    Plaintiff,                                     CASE NO: 05-CV-10118-BC

vs.                                               DISTRICT JUDGE DAVID M. LAWSON
                                                   MAGISTRATE JUDGE CHARLES BINDER

HCR MANOR CARE d/b/a
Heartland Home Healthcare,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION
TO AMEND COMPLAINT AND ADD PARTIES**

Pursuant to an Order of Reference under 28 U.S.C. § 636(b)(1)(A), the undersigned has been referenced the above captioned motion. Oral argument was heard August 2, 2005.

Plaintiff seeks an order allowing her to amend the Complaint to add Heartland Hospice Services and Manor Care, Inc., as defendants, and to incorporate additional facts relating to these proposed defendants. Materials attached to plaintiff's motion indicate that paychecks were issued to the named plaintiff from HCR Manor Care. At some point during her employment, plaintiff received an employee handbook with the HCR Manor Care logo, citing as its source HCR Manor Care. Below the logo are the names "Heartland" "Manor Care" and "Arden Courts." Information from the Michigan Department of Labor and Economic Growth indicate that a corporation known as Heartland Home Healthcare Services, Inc., also operates under the assumed names of Heartland Home Healthcare and Hospice, and Heartland Home Healthcare. Recognizing his responsibility under the Federal Rules of Civil Procedure to name the real party in interest, counsel for plaintiff is concerned that he has not named the proper employer. It is unclear to plaintiff which of these entities in fact employs the plaintiff. Counsel requests the amendment to allow discovery of the proper party to go forward.

Defendant opposes the motion, contending primarily that from all the information presented, an entity by the name of HCR Manor Care, d/b/a Heartland Home Healthcare simply does not exist, and that discovery cannot be had of a non-existent party. Defendant argues that Heartland Hospice Services, Inc., is the proper party and attaches to their response Internet information from the States of Ohio and Michigan relating to Heartland Hospice Services and Heartland Healthcare and Hospice. These documents are said to support defendant's view as to the proper naming of defendants. Counsel also represents that Manor Care and many of these other corporate entities appearing in the exhibits were divisions of an entity called Healthcare & Retirement Corporation of America, which merged and went out of existence approximately two years ago.

Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend pleadings is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all

> factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

In addition to these factors, courts must also take into account whether the moving party is seeking to add claims or to add parties, because amendments seeking to add claims are generally granted more freely than amendments adding parties. *See Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). Moreover, the court must also take into account the stage of the case, because "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 459 (6th Cir. 2001) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Under these standards, I conclude first that plaintiff is acting diligently and at an early stage of the litigation. I further conclude that there is considerable merit to plaintiff's argument that defendant's corporate organization renders the exact identification of plaintiff's employer almost impossible. Counsel for plaintiff is also correct that at this early stage of litigation, considerably less prejudice attaches to the naming of additional defendants. At the same time there is also merit to defendant's argument that the discovery should not be ordered from a named entity that does not exist.

Accordingly, pursuant to Rule 15 of the Federal Rules of Civil Procedure, **IT IS ORDERED** that the motion is **GRANTED** as follows:

1. The caption of this case will be amended to **DELETE** "HCR Manor Care d/b/a Heartland Home Healthcare."

    2.    The following entities **will be added as defendants**: Heartland Hospice Services, Inc.; Heartland Home Healthcare Services, Inc.; Heartland Home Healthcare and Hospice; Heartland Home Healthcare; HCR Manor Care, Inc.

The parties are encouraged to exchange appropriate interrogatories seeking to promptly identify the proper defendants.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d)(1). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                   s/ *Charles E. Binder*
                                                   CHARLES E. BINDER
Dated: August 3, 2005                       United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Karen Berkery, and served on Michael Forster and District Judge Lawson in the traditional manner.

Date: August 3, 2005                       By     s/Jean L. Broucek
                                                   Case Manager to Magistrate Judge Binder